IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT EARL GREEN,            )
Register No. 189877,          )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. 04-4316-CV-C-NKL
                              )
RHONDA QUIGLEY, et a.,        )
                              )
            Defendants.       )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants, all of Jefferson City Correctional Center (JCCC), are Rhonda Quigley, Classification Staff Member; Functional Unit Manager Marian Ortbals; C.O. Tom Koch; and Superintendent Dave Dormire.

Plaintiff alleges that defendants have shown a "retaliatory animus" against him and he is at risk of retaliation because defendants are aware of his numerous previous court filings against staff at Crossroads Correctional Center, where he was previously incarcerated. Plaintiff further alleges that he should be moved immediately from the maximum security JCCC to a minimum security institution because he is a low public safety risk, and is scheduled for unconditional release within twenty months.

Although plaintiff has requested leave to proceed without prepaying the filing fee and costs, pursuant to 28 U.S.C. § 1915(a), the court has not received the required inmate account information for plaintiff. The court notes that such inmate account information has been requested on at least two occasions, but such account information has not been

received. Moreover, upon further review, the court finds that plaintiff's complaint should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and therefore, must either pay the filing fee in full, or show that he is under imminent danger of serious physical injury in order to proceed with his complaint. *See Green v. Register*, No. 04-6111 (W.D. Mo. 2004); *Green v. United States*, No. 04-6050 (W.D. Mo. 2004); *Green v. Ashcroft*, No. 04-6007 (W.D. Mo. 2004); *Green v. Gray*, No. 03-6148 (W.D. Mo. 2004); *Green v. Kemna*, No. 03-6109 (W.D. Mo. 2003); *Green v. Kemna*, No. 03-6067 (W.D. Mo. 2003) (all dismissed, pursuant to 28 U.S.C. § 1915(g)). The court finds that plaintiff's general allegations of "retaliatory animus" by defendants at JCCC and his request to be transferred from the JCCC maximum security institution to a minimum security institution fail to allege that plaintiff faces "imminent danger of serious physical injury." Therefore, plaintiff's motion to proceed in forma pauperis and his request for injunctive relief should be denied and plaintiff's claims dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

On December 23, 2004, plaintiff filed a motion for appointment of counsel. It is the practice of this court to provisionally file complaints with requests for leave to proceed in forma pauperis. If the plaintiff is not indigent, or the complaint is frivolous, malicious or fails to state a claim for relief, in forma pauperis status may be denied. It is also the practice

2

of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

On April 1, 2005, plaintiff filed a motion to disqualify or recuse the Honorable Nanette Laughrey and for an order of review by the full court. Plaintiff's motion for review by the full court will be denied, without prejudice.

In his motion to for recusal, plaintiff states Judge Laughrey has dismissed many of his cases, thus subjecting him to the "3 strikes law contained in § 1915(g)" and that he has been improperly denied leave to proceed under the "imminent danger" exception of 28 U.S.C. § 1915(g). Plaintiff states that he "cannot receive a fair and impartial review of his case while the same judge decides each and every case arbitrarily with no other judge having the opportunity to review plaintiff's litigation."

In ruling a motion or application to recuse, the factual allegations of the affidavit are accepted as true for the purpose of determining whether disqualification is legally warranted. *Berger v. United States*, 255 U.S. 22 (1921). If it is concluded the allegations, accepted as true, state sufficient grounds for recusal, the motion must be granted. If the allegations of the affidavit do not state legally sufficient grounds, the judge is duty-bound not to recuse. *United States v. Diorio*, 451 F.2d 21 (2d Cir. 1971), *cert. denied*, 405 U.S. 955 (1972); *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970). The burden is on the affiant to establish the judge is not qualified to preside over a particular case. To meet that burden of proof, the affiant must set forth specific and sufficient facts to convince a reasonable mind of the judge's *personal* bias and prejudice. *Deal v. Warner*, 369 F. Supp. 174 (W.D. Mo. 1973). The affidavit in support must "strictly comply with the statutory requirements before it will effectively disqualify a judge." *Id. See also* 28 U.S.C. § 144.

Plaintiff has not submitted an affidavit or set forth facts demonstrating a *personal* bias requiring disqualification under sections 144 or 455 of Title 28, United States Code. To be legally sufficient grounds, the United States Supreme Court has stated:

> The alleged bias and prejudice to be disqualifying must stem from an *extrajudicial* source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

3

*United States v. Grinnell*, 384 U.S. 563, 583 (1966) (emphasis added). Thus, plaintiff's motion is legally insufficient to require disqualification of Judge Laughrey.

THEREFORE, IT IS ORDERED that plaintiff's motion to disqualify or recuse the Honorable Nanette Laughrey is denied [6]. It is further

ORDERED that plaintiff's motion for review by the full court is denied, without prejudice [6]. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [2]. It is further

RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis and his request for injunctive relief be denied and plaintiff's claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). [1, 5]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 13th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4