IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT EARL GREEN, )
Register No. 189877, )
 )
        Plaintiff, )
 )
        v. ) No. 04-4316-CV-C-NKL
 )
RHONDA QUIGLEY, et al., )
 )
        Defendants. )

### REPORT AND RECOMMENDATION

    Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

    On June 13, 2005, plaintiff was granted leave to proceed in forma pauperis under the imminent danger exception of 28 U.S.C. § 1915(g) on his claims that his health is at risk because he is being denied his hernia medication. On June 22, 2005, defendants filed a notice with the court advising that plaintiff had been diagnosed with a small reducible hernia and is being prescribed psyllium fiber (to be taken twice daily) to reduce exertion during bowel movements. Defendants' notice advises that plaintiff is not being restrained from taking his medication, and is no longer housed in Housing Unit 6, the location of plaintiff's allegations as stated in his motion for temporary restraining order. Based upon such notice of filing, defendants filed a motion to dismiss on June 28, 2005.

    Plaintiff filed suggestions in opposition to defendants' motion to dismiss on June 29, 2005. Such suggestions allege that although he is not being denied his medication, he is unable to properly take the medication. Plaintiff alleges that the medication is to be mixed with 8 ozs. of water or liquid, and that defendants are only providing him with two disposable 4-oz. Styrofoam cups, and that such cups are only given a sanitary exchange every seven days. Plaintiff alleges such cups are insufficient, and an unsanitary means of

taking his prescribed psyllium fiber, and that defendants should provide him with an 8-oz. plastic cup instead.

Upon consideration, the court finds that defendants' motion to dismiss should be granted. Two 4-oz. Styrofoam cups provided on a weekly basis appear to be sufficient means for plaintiff to take his prescribed psyllium fiber. The court finds that plaintiff's allegations fail to allege that he is in imminent danger of serious physical injury; therefore, his claims should be dismissed, pursuant to 28 U.S.C. 1915(g).

On June 22, 2005, plaintiff filed motions seeking declaratory judgment as to his right to trial by jury and for temporary restraining order that defendants provide him with immediate access to the law library for a period of two full hours Monday through Friday and for legal assistance by persons trained in the law. In light of this court's recommendation of dismissal, plaintiff's motions should be denied. Moreover, plaintiff's claims do not necessarily require legal research because the only issue is whether plaintiff is in imminent danger of serious physical harm.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for declaratory judgment and for temporary restraining order be denied [17, 18]. It is further

RECOMMENDED that defendants' motion to dismiss be granted, and plaintiff's claims be dismissed [22].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 29th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge